**Vermont Superior Court**
**Environmental Division**

=========================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=========================================================================

<u>**Crete & Crete Partnership Construction App.**</u>,       **Docket No. 28–2–14 Vtec**

    (Appeal from Winooski DRB determination)

Title: Motion to Amend Scheduling Order (re: mediation; Motion No. 1)

Filed:     June 16, 2014

Filed By: Hall, Mark G., Attorney for Appellee City of Winooski

Response in Opposition filed on 06/24/14 by Appellant Crete & Crete
    Partnership

___ Granted            _X_ Denied              ___ Other

    The Court, respectfully, does not share the Town's dim assessment of the merit of requiring the parties here to complete mediation. Just recently, the Court witnessed parties in another proceeding resolve their differences and reach a full settlement of their dispute, even when there was great animosity between the parties and a large disparity in their legal positions. While the Court is unaware of the past history between the parties in this appeal, we conclude that, if the parties go in to mediation with an open mind and a willingness to compromise, a resolution could be reached.

    Perhaps an even more realistic goal in this dispute, should the Town's assessment prove true, would be for the parties to complete mediation with an eye towards finding a true appreciation of their adversaries' respective positions, so that an efficient presentation of evidence may occur at trial. Mediation will cost the parties a small fraction of the time and expense of preparing for and attending trial. Even if mediation does not prove successful, the Court has often seen mediation help parties to focus on the legal disputes that this land use appeal presents, and not the general animosity and suspicion that litigation often encourages.

    Therefore, the parties are directed to inform the Court of their agreed–upon mediator, in writing, no later than **Wednesday, July 16, 2014**, and to complete their mediation session and inform the Court of its results no later than **Monday, August 18, 2014**. All other deadlines in the Court's May 15, 2014, Scheduling Order shall remain in full force and effect. Provided the parties submit their list of unavailable dates for a trial by June 16, 2014, the Court will endeavor to set the trial for some time during February or March 2015.

_____      ___July 9, 2014____
    Thomas S, Durkin, Judge                           Date

=========================================================================
Date copies sent to: _____         Clerk's Initials _____

Copies sent to:
    Attorney Brian P. Hehir for Appellant Crete & Crete Partnership
    Attorneys Mark G. Hall and James J. Pergolizzi for the City of Winooski